# JOHN M. BYER AND OTHERS v. CHARLES BYER AND ANOTHER.[1]

April 17, 1924.

No. 23,862.

**No constructive trust.**

    1. Decedent conveyed his real property by deed, and his personal property by bill of sale, to his father, on the day previous to his death. In this, an equitable action, to impress a constructive trust on the property, the court submitted to a jury the question whether at the time of the execution of the deed and bill of sale there was an oral agreement between decedent and his father to the effect, in case of his death, the father should sell the property, pay the debts and funeral expenses, and divide the remaining proceeds of the property among the brothers and sisters of decedent. The jury answered the question in the negative. *Held* that the evidence in the case is sufficient to support the finding.

**No legal fraud.**

    2. It is further *held* that the finding of the jury defeats the contention of appellants that there was a constructive trust, and consequently a legal fraud.

**Rulings and instructions proper.**

    3. There was no error on the rulings as to the admissibility of evidence nor in the instructions.

Action in the district court for Brown county to recover judgment for the use of plaintiffs and defendant Caroline Forster the sum of $20,000. The case was tried before Olsen, J., and a jury which answered in the negative both the question whether, at or before the making of William Byer's will, there was an agreement between him and his father that in case of William's death the father should take over William's property and after settling his estate divide the remainder of the property, or its proceeds, among the brothers and sisters of William, and the question mentioned in

[1]Reported in 198 N. W. 412.

the third paragraph of the opinion. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, plaintiffs appealed. Affirmed.

*T. O. Streissguth, L. J. Lauermann* and *Harris Richardson*, for appellants.

*Albert Pfaender* and *H. N. Somsen*, for respondent.

QUINN, J.

The defendant, Charles Byer, is over 73 years of age. He settled on a farm near New Ulm with his wife and children in 1875. He was thrifty and became well to do. There were 6 children, John, Joseph, Henry, William, Caroline and Kate. They all remained at home until well into their twenties. When the boys, John, Joseph and Henry started out in life, the father helped each one to a good farm, fitted with stock and implements.. In 1917 he conveyed the old homestead, all equipped with stock and implements, to William. The father and mother then moved to a farm nearer to New Ulm. William never married. He was taken ill, and on February 3, 1921, went to a hospital. His physician informed him that he had a fatal malady and advised him to put his affairs in such shape as he wished. Accordingly, William requested the physician to ask Mr. Flor, an attorney, to come to the hospital and draw his will. The request was complied with and Mr. Flor went to the hospital on February 12, 1921, and prepared the will. It gave $300 to the sister Caroline because of services which she had rendered, $100 to the church, and the balance of his property, both real and personal, to his father and his heirs forever. Mr. Flor was named as executor of the will. When the brothers learned of the making of this will they went to the father and protested against Mr. Flor being named as executor. Subsequently the father asked Mr. Mueller, a lawyer, to go with him to see William and have the matter changed. On February 17, the father, the brother Henry and Mr. Mueller went to the hospital and talked the matter over with William. A deed in the usual form and a bill of sale of the personal property was drawn up, conveying the property to

the father. William signed and acknowledged both instruments without any undue influence, as he had the will a week before. He died on the following day.

During the month following, the father sold the farm and personal property, receiving therefor the sum of $25,000. He paid $300 to Caroline, $100 to the church, and the expense of the last sickness and funeral. He then gave Caroline $2,330, Kate $2,533, Joseph $1,550, and John $1,500. Henry had died during the month following the death of William. The mother died December 24, 1921. Thereafter the father lived alone until June, 1922, when he hired a housekeeper. The children then became uneasy for fear their father might marry. They asked him to consent to the appointment of a guardian. He refused, and they petitioned the probate court for the appointment of one. After a hearing the probate court denied the petition and this action followed. The father then dismissed the housekeeper and has since lived alone.

The court submitted to the jury a number of specific questions, number 3 of which was answered in the negative, and was as follows:

Question 3. "At or before the time of the making of the warranty deed and bill of sale of the property by William C. Byer to Charles Byer, was there an oral agreement between them that Charles Byer would and should take over said property and in case of the death of William C. Byer that then the father, Charles Byer, would and should sell the property and pay the debts and funeral expenses and all other expenses in the matter and then divide the remaining proceeds of the property among the brothers and sisters of William C. Byer?"

Plaintiffs moved for judgment or for a new trial. From an order denying the motion, this appeal was taken. There are 19 assignments of error. They call in question the sufficiency of the evidence to support the findings of the jury, the submission to the jury of the 4 questions recited in the record and various rulings on the admission of evidence and in certain instructions.

We are of the opinion that the finding of the jury was justified by the evidence. The deed and the bill of sale convey the property

direct to the father, with no reservations or conditions. The act was the clear uninterfered-with wish of the deceased. He gave the property to his father from whom he had received it. From the record as we read it, he was justified in trusting that his father and mother would do the right thing with it. There was no apparent cause to think they would do otherwise. After the death of the mother the father lived alone for a time, then hired a housekeeper. When appellants protested he complied with their wishes by dismissing the housekeeper and continued to live alone. No better conditions were offered him. He exhibited no disposition to squander the money, but placed it out on long time security.

The decisive question involved in this litigation was carefully submitted to the jury. Its findings were against the contention of appellants. The evidence amply supports its findings. Appellants do not claim any wrongful act or intention on the part of the father at or prior to the time of the conveyance of the property to him. The finding of the jury defeats the contention of appellants that there was a constructive trust. If there were no trust, then we are unable to understand how there could be an abuse of the confidence reposed in the father such as to constitute a legal fraud.

We discover no error in the rulings on the admissibility of evidence. The questions covered by assignments 11 and 14 had reference to the statements made by the father to John in the presence of Mr. Mueller in the latter's office as to his intention of handling the property. It in no manner involved a conversation had with the deceased. We have considered the other assignments of error set forth in appellants' briefs and discover no reversible error.

Affirmed.